IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FAREED NASSOR HAYAT, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 20-cv-02994-LKG <br> v. ) <br> ) Dated: January 27, 2022 <br> SGT. CASEY DIAZ, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

In this civil rights action, plaintiff, Fareed Nassor Hayat, alleges that defendants violated his rights under, among other things, the Constitution of the United States, 42 U.S.C. § 1983, Maryland state law and the laws of Montgomery County, Maryland, while conducting a police investigation of a reported kidnapping. *See generally* Am. Compl., ECF No. 19. Defendants have moved to partially dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6). Def. Mot., ECF No. 32; Def. Mem., ECF No. 32-1. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** defendants' partial motion to dismiss.

### II. FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A. Factual Background

As background, plaintiff is resident of Montgomery County, Maryland and a law professor at Howard University. Am. Compl. at ¶ 4. Defendants are: (1) Montgomery County Police Department Officers Casey Diaz, Brooke Dolan, Nathan Lenhart and Nicole Min (the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl."), defendants' partial motion to dismiss ("Def. Mot.") and memorandum in support thereof ("Def. Mem.").

1

"Defendant Officers"); 10 unnamed Doe Defendant officers of the Montgomery County Police Department (the "Doe Defendants"); Marcus Jones, the Chief of the Montgomery County Police Department; and Montgomery County, Maryland (the "County"). *Id.* at ¶¶ 5-11.

Plaintiff alleges that defendants violated his constitutional rights, and his rights under state and local law, during a police investigation of a reported kidnapping that occurred at his residence on October 22, 2017.[2] *See generally id.* Specifically, plaintiff alleges that Sergeant Diaz and Officer Min pulled into his driveway on the evening of October 22, 2017, and approached his home. *Id.* at ¶¶ 16-18. Plaintiff also alleges that, when he and his wife met the officers at the doorway to his home, the officers stated that they were investigating a reported kidnapping. *Id.* at ¶ 20.

In this regard, plaintiff alleges that he and his wife informed the officers of their ownership of the home, their employment status and the status of the children inside the home. *Id.* at ¶ 21. And so, after declining the officers' request to enter their home, plaintiff alleges that he and his wife attempted to close the front door. *Id.* at ¶¶ 22-24.

Plaintiff contends that, thereafter, the officers physically prevented him from closing the door to his home and forced their way into his home. *Id.* at ¶ 25-29. In this regard, plaintiff alleges that multiple police officers, including defendants Lenhart, Dolan and the Doe Defendants, arrived on the scene to assist Sergeant Diaz and Officer Min in entering his home. *Id.* at ¶ 29. And so, plaintiff further alleges that the officers overpowered him and entered his home without his consent. *Id.*

In addition, plaintiff alleges that defendants Lenhart and Dolan tackled and handcuffed him and smashed their knees into his spine while he lay on the floor inside his home. *Id.* at ¶ 31. Plaintiff also alleges that his children witnessed these events and became visibly upset, but that

---

[2] Plaintiff asserts the following claims in the amended complaint: Battery, trespass and false imprisonment against the Defendant Officers, Doe Defendants and the County (Counts I, II and III); Fourth Amendment violations and violations of the Fourteenth Amendment right to familial privacy against all defendants, pursuant to 42 U.S.C. § 1983 (Counts IV and VI); and violations of the Maryland Declaration of Rights Articles 24 and 26 and violations of property rights, pursuant to 42 U.S.C. § 1982, against the Officer Defendants, Doe Defendants and the County (Counts V and VII). *See* Am. Compl. at ¶¶ 48-125.

the officers did not question the children or conduct any investigation into their health, safety and well-being. *Id.* at ¶ 39.

It is undisputed that the officers ultimately unhandcuffed plaintiff and left plaintiff's residence. *Id.* at ¶ 42. But, plaintiff contends that the officers continued to harass and intimidate his family, by contacting Child Protective Services to make a "knowingly false" report regarding his children sometime thereafter. *Id.* at ¶ 43. In addition, plaintiff contends that his brother observed police officers in plaintiff's backyard "a few days after" the October 22, 2017, incident and that these officers told plaintiff's brother that they were investigating a burglary. *Id.* at ¶ 61. And so, plaintiff seeks to recover compensatory and punitive damages, and certain injunctive relief, related to these incidents. *Id.* at Prayer for Relief.

### B. Procedural Background

Plaintiff commenced this civil rights action on October 15, 2020. *See* Compl., ECF No. 1. On February 17, 2021, plaintiff filed an amended complaint. *See* Am. Compl.

On April 1, 2021, defendants filed a motion to partially dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. Def. Mot.; Def. Mem. On April 30, 2021, plaintiff filed a response in opposition to defendants' motion. Pl. Resp., ECF No. 33. On May 20, 2021, defendants filed a reply in support of their motion. Def. Reply, ECF No. 34.

Defendants' motion to partially dismiss the amended complaint having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to

3

the plaintiff.  *Nemet Chevrolet, Ltd.. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]"  *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B.     Maryland Statute Of Limitations And The Relation-Back Doctrine

Under Maryland law, "a civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."  Md. Code Ann., Cts. & Jud. Proc. § 5-101.  And so, generally, a three-year statute of limitations applies to civil claims brought in Maryland.

Fed. R. Civ. P. 15(c) allows a party to amend a pleading after expiration of the statute of limitations, if the amendment relates back to the original pleading.  Fed. R. Civ. P. 15(c).  When adding a new party, the amendment only relates back if:  it (1) "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits" and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  *Id.* at § (c)(1)(B)-(C).  Requirements two and three mentioned above must be satisfied "within the period provided by Rule 4(m)."  *Id.* at § (c)(1)(C).

In this regard, the United States Court of Appeals for the Fourth Circuit has recognized that the requirements of Rule 15(c) "preserve for the new party the protections of a statute of limitations" and "assure that the new party had adequate notice within the limitations period and was not prejudiced by being added to the litigation."  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 470 (4th Cir. 2007).  And so, when a newly named party "has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back."  *Id.*  The United States Supreme Court has also addressed the relation-back doctrine and held that the proper inquiry for analyzing

4

the doctrine under Rule 15 should focus on whether the prospective defendant knew or should have known that it would have been named as a defendant in the case, but for a mistake. *See Krupski v. Costa Crociere S.p.A*, 560 U.S. 538, 541 (2010). And so, the Court's focus regarding the application of the relation-back doctrine is on whether the unnamed defendants were, or should have been, aware of plaintiff's intent to name them as defendants in the case. *Id*.

## IV.   LEGAL ANALYSIS

Defendants seek to dismiss several of plaintiff's claims in this case for the following nine reasons: (1) plaintiff's claims against the Doe Defendants are barred by Maryland's three-year statute of limitations and duplicative of the claims against the County; (2) plaintiff's claims against Marcus Jones in his official capacity are duplicative of the claims against the County and there are no allegations that Marcus Jones was personally involved in the incidents at issue; (3) plaintiff's claims against the Defendant Officers in their official capacity are duplicative of the claims asserted against the County; (4) Counts I, II and III of the amended complaint should be dismissed with respect to the County upon the ground of governmental immunity; (5) Count II of the amended complaint as it relates to the second event alleged to have occurred a few days after October 22, 2017, should be dismissed, because plaintiff does not allege that any of the named defendants participated in the event and plaintiff has not complied with the Local Government Tort Claims Act ("LGTCA"); (6) plaintiff's Fourteenth Amendment claims in Count IV of the amended complaint should be examined under the Fourth Amendment; (7) Count VI of the amended complaint should be dismissed, because plaintiff fails to state a plausible right to familial privacy claim; (8) Count VII of the amended complaint should be dismissed, because plaintiff fails to allege discrimination involving any of the activities enumerated in 42 U.S.C. § 1982, or to sufficiently plead a *Monell* claim against the County; and (9) plaintiff cannot recover punitive damages with respect to the County and Marcus Jones. *See* Def. Mem at 5-14.

Plaintiff counters that the Court should not dismiss his claims against the Doe Defendants, because these claims arise out of the same facts and circumstances as the claims against the named defendants. Pl. Resp. at 3-5. Plaintiff also argues that the Court should not dismiss his claims against Marcus Jones in his official capacity, because these claims seek prospective injunctive relief and are not barred by the Eleventh Amendment. *Id.* at 5-7. Plaintiff further argues that the Court should not dismiss Count II of the amended complaint, as it relates

5

to the second incident at his property, because this claim arises out of the trespass claim related to the October 22, 2017, incident and he has substantially complied with the requirements of the LGTCA. *Id.* at 7-8.

In addition, plaintiff contends that he alleges a plausible right to familial privacy claim in Count VI of the amended complaint, because defendants' actions were designed to interfere with his right to raise his children. *Id.* at 8-10. Plaintiff also contends that he has sufficiently pled a prima facie case of race discrimination under 42 U.S.C. § 1982 to pursue Count VII of the amended complaint. *Id.* at 11-15. Lastly, plaintiff argues that he may seek to recover punitive damages from Marcus Jones, because he may develop facts during discovery to show that Marcus Jones acted with deliberate indifference towards plaintiff. *Id.* at 15-16. And so, for these reasons, plaintiff requests that the Court deny defendants' partial motion to dismiss. *Id.* at 16.

For the reasons that follow, plaintiff's state tort claims against the County are precluded upon the ground of governmental immunity. But, plaintiff's claims against the Doe Defendants are not time-barred and plaintiff may also pursue his claims against Marcus Jones in his official capacity, and the County, to the extent that plaintiff seeks prospective injunctive relief. In addition, the Court must dismiss plaintiff's claims against the other named defendants in their official capacity, because these defendants have no role in providing the education and training that is the subject of plaintiff's request for injunctive relief. Lastly, plaintiff fails to allege plausible claims for trespass, violation of his familial privacy rights and violation of Section 1982 in the amended complaint. And so, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** defendants' motion to partially dismiss the amended complaint.[3]

### A.  Plaintiff's Tort Claims Against The County Are Precluded

As an initial matter, the parties agree that the Court should dismiss plaintiff's tort claims against the County. *See* Pl. Resp. at 1; Def. Reply at 1. It is well-established that local governments like the County are generally shielded from tort liability. *Tadjer v. Montgomery Cty.*, 479 A.2d 1321, 1324-26 (Md. 1984) ("Montgomery County has not waived governmental immunity."); *Williams v. Prince George's Cty., Md.*, 685 A.2d 884, 898 (Md. Ct. Spec. App.

---

[3] To the extent that plaintiff raises a Fourteenth Amendment claim in Count IV of the amended complaint, the parties also agree that this claim should be dismissed. *See* Def. Mem. at 4; Pl. Resp. at 9 n.1.

6

1996) ("Counties are shielded from tort liability for governmental actions unless the General Assembly has specifically waived the immunity of the municipality.") (citation omitted); *DiPino v. Davis*, 729 A.2d 354, 369-70 (Md. 1989); *Gray-Hopkins v. Prince George's Cty., Md.*, 309 F.3d 224, 234 (4th Cir. 2002). Given this, plaintiff's tort claims against the County in Counts I, II and III of the amended complaint are precluded. And so, the Court dismisses these claims. *See* Am. Compl. at ¶¶ 48-75.

### B. Plaintiff's Claims Against The Doe Defendants Are Not Time-Barred

The Court declines, however, to dismiss plaintiff's claims against the unnamed Doe Defendants in this case, because these claims are timely under the relation-back doctrine. It is undisputed in this case that Maryland's three-year statute of limitations applies to plaintiff's claims against these defendants and that this limitations period expired on October 22, 2020. Def. Mem. at 5; *See generally* Pl. Resp. at 3-5; Md. Code Ann., Cts. & Jud. Proc. § 5-101. But, plaintiff persuasively argues that his claims against the Doe Defendants, which were added to this case on February 17, 2021, are nonetheless timely, because they relate back to the filing of the original complaint. Pl. Resp. at 3-5.

In this regard, Fed. R. Civ. P. 15(c) provides that a plaintiff may amend the complaint after the expiration of the statute of limitations, if the amendment relates back to the original pleading. *See* Fed. R. Civ. P. 15(c). The Fourth Circuit has also held that, when adding a new party, the amendment relates back if: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits[;]" and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity[.]" Fed. R. Civ. P. 15(c)(1)(C); *see also Goodman*, 494 F.3d at 470 (holding that these requirements "preserve for the new party the protections of a statute of limitations" and "assure that the new party had adequate notice within the limitations period and was not prejudiced by being added to the litigation").

In this case, plaintiff persuasively argues that his claims against the Doe Defendants relate back to the original complaint, because these claims arise out of the same police conduct described in the original complaint with regards to the Defendant Officers. Pl. Resp. at 4-5.

Notably, plaintiff alleges in paragraph 28 of the original complaint that "multiple other officers arrived at the scene and under color of authority did illegally enter [his] home by overpowering [him] and forcing their way in." Compl. at ¶ 28. While the Court agrees with defendants that this allegation does not contain much detail, the allegation does, nonetheless, make clear that plaintiff intends to pursue claims against the other Montgomery County police officers who arrived at his residence on October 22, 2017.[4] Given this, and the other the detailed factual allegations contained in the original complaint regarding the alleged events of October 22, 2017, the allegations in the original complaint are sufficient to have put the Doe Defendants on notice of plaintiff's claims. *See Goodman*, 494 F.3d at 470. And so, the Court declines to dismiss these claims as untimely.

### C. Plaintiff May Bring Claims For Injunctive Relief Against Marcus Jones In His Official Capacity

To the extent that plaintiff seeks prospective injunctive relief related to police training and education, the Court also declines to dismiss his claims against Marcus Jones in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("[O]fficial capacity actions for prospective relief are not treated as actions against the State.") (citation omitted). The Fourth Circuit has recognized that the Eleventh Amendment does not bar claims seeking to "enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Antrican v. Odom*, 290 F.3d 178, 186 (4th Cir. 2002). In the amended complaint, plaintiff seeks, among other things, injunctive relief in the form of requiring defendants to conduct police training and education. Am. Compl. at Prayer for Relief, ¶ 3. Because this injunctive relief is prospective, plaintiff may pursue his claim against Marcus Jones in his official capacity seeking such relief. *Will*, 491 U.S. at 71 n.10; *Antrican*, 290 F.3d at 186.[5]

---

[4] Defendants do not argue that the Doe Defendants would not have received timely notice of plaintiff's claims under Rule 4(m), presumably because the original complaint was timely served on the named defendants and the Doe Defendants are also officers of the Montgomery County Police Department. *See generally* Def. Mot.; Def. Reply.

[5] In his response in opposition to the defendants' motion, plaintiff states that he wishes to seek leave of the Court to amend the complaint to add a claim against Marcus Jones in his official capacity. Pl. Resp. at 7. The Court denies plaintiff leave to amend the amended complaint to name Marcus Jones as a defendant in his individual capacity, because plaintiff alleges no facts to show that supervisor liability can

8

### D. The Court Dismisses The Official Capacity Claims Against The Other Named Defendants

The Court must, however, dismiss plaintiff's "official capacity" claims against the other Defendant Officers. As discussed above, plaintiff may not pursue claims that seek to recover monetary damages, or other retrospective relief, from these defendants when sued in their official capacities. *See Davis v. Dep't of Soc. Servs. of Balt. Cty.*, 941 F.2d 1206 (Table), at *4 (4th Cir. 1991). In addition, to the extent that plaintiff seeks to recover prospective injunctive relief from these defendants, defendants also correctly observe that plaintiff does not allege any facts in the amended complaint to show that the Defendant Officers would have a role in formulating or providing the education and training that plaintiff seeks. *See* Def. Reply at 2-3. And so, the Court dismisses these claims.

### E. Plaintiff Fails To State Plausible Trespass, Familial Privacy Rights And Section 1982 Claims

Defendants also persuasively argue that plaintiff fails to allege plausible claims for trespass, violation of his familial privacy rights and Section 1982 violations in the amended complaint. First, a careful review of Count II of the amended complaint shows that plaintiff does not allege a plausible trespass claim related to the event that allegedly occurred at his home a few days after October 22, 2017. In the amended complaint, plaintiff alleges that his brother "found other Montgomery County police officers" in his backyard on an unspecified date. Am. Compl. at ¶ 61. But, plaintiff does not allege that these officers are the same officers involved in the October 22, 2017, event, nor does he name or otherwise identify the officers at issue. *See id.* at ¶¶ 61-65. Plaintiff also fails to provide specific information about this event, including the date, time, or number of officers that were present. *See id.* Given this, the amended complaint does not contain sufficient factual allegations to support plaintiff's trespass claim related to this second event. And so, the Court dismisses this claim.[6] Fed. R. Civ. P. 12(b)(6).

---

be imposed under Section 1983. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citation omitted); Fed. R. Civ. P. 15(a).

[6] Plaintiff does not dispute that he failed to comply with certain notice requirements contained in the LGTCA with regards to this claim. *See* Pl. Resp. at 7-8; *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1) (providing, in pertinent part, that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 1 year after the injury.").

Plaintiff similarly fails to state a plausible claim for violation of his right to familial privacy in Count VI of the amended complaint. The Fourth Circuit has explained that the concept of familial privacy extends only to "(1) thwarting governmental attempts to interfere with particularly intimate family decisions, and (2) voiding government actions that sever, alter, or otherwise affect the parent/child relationship." *Hodge v. Jones*, 31 F.3d 157, 163 (4th Cir. 1994) (citation omitted). But, the right to familial privacy is not absolute and it can be outweighed by a legitimate governmental interest. *Id.* at 163-64 (citation omitted); *see also Prescott v. Wade*, No. 12-126, 2013 WL 1352168, at *5 (E.D. Va. Apr. 2, 2013). And so, the Court should dismiss a right to familial privacy claim, if plaintiff cannot show that the defendants' actions were "designed to have, have had, or even will have, a significant impact on the parent-child relationship or on their family's ability to function." *Hodge*, 31 F.3d at 164 (citation omitted).

In this case, plaintiff cannot show that the alleged actions of the Defendant Officers were designed to have, or did have, a significant impact on either his parent-child relationship or the ability of his family to function. Plaintiff acknowledges in the amended complaint that the Defendant Officers entered his home on October 22, 2017, for the purpose of investigating a reported kidnapping. *See* Am. Compl. at ¶¶ 20, 40. While the events that subsequently occurred in plaintiff's residence were unsettling to plaintiff and his family, there are no allegations in the amended complaint to show that the Defendant Officers intended to interfere with plaintiff's relationship with his children, or his family's ability to function. *See generally id.* Plaintiff also does not allege in the amended complaint that the report to Child Protective Services allegedly made by Sergeant Diaz had any impact on his family structure or his parent-child relationship. *See generally id.* Given this, plaintiff has simply not alleged facts to demonstrate the type of harm that is protected by the Fourteenth Amendment's guarantee of a right to familial privacy.[7] *See Renn ex rel. Renn v. Garrison*, 100 F.3d 344, 349 (4th Cir. 1996) (construing actionable

---

[7] Plaintiff's argument that he has identified concrete injuries of the type protected by the Fourteenth Amendment, because the Defendant Officers' actions interfered with how he places his children into car seats and caused he and his children to seek mental health counseling, is unavailing. *See* Pl. Resp. at 10. Plaintiff does not explain how the manner in which he places his children into car seats, or the need for mental health counseling, impacted either his parent-child relationship or his family's ability to function. *See id.*; *see also Renn*, 100 F.3d at 349.

10

violations of the right to familial privacy to "encompass only those instances where state officials' actions were directly aimed at the parent-child relationship," implicated "the right of the family to remain together," drove "a wedge into [the] family and threatened its very foundation" or "eroded the family's solidarity internally and impaired the family's ability to function") (quoting *Hodge*, 31 F.3d at 163).

Plaintiff also fails to identify any County policy, practice, or custom that relates to his right to familial privacy claim to support a Section 1983 claim against the County. *See generally* Am. Compl. at ¶¶ 110-18; *see also Cortez v. Prince George's Cty., Md.*, 31 F. App'x 123, 128 (2002) (holding that a Section 1983 claim may only be brought against a local government "for an injury inflicted solely by its employees or agents . . . when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). And so, the Court must similarly dismiss Count VI of the amended complaint as it relates to all defendants.

As a final matter, plaintiff fails to allege a plausible Section 1982 claim in Count VII of the amended complaint. Title 42, United States Code, Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. And so, to prove discrimination based upon Section 1982, plaintiff must show that "(1) he is a member of a racial minority; (2) the defendant[s] had an intent to discriminate on the basis of race; and (3) the discrimination involved one of the activities enumerated in the statute[], *i.e.* . . . the owning of real and personal property." *Awkard v. Rammelsberg*, No. 17-1542, 2018 WL 4999792, at *9 (D.S.C. Mar. 13, 2018) (citation omitted).

Here, plaintiff fails to allege any facts to show that the purported discriminatory conduct at issue involved his ability to "inherit, purchase, lease, sell, hold, and convey real [or] personal property." 42 U.S.C. § 1982; Am. Compl. at ¶ 122 (alleging that the Defendant Officers illegally entered plaintiff's home and denied him his right to exclude unwanted guests and to quiet enjoyment of his property); *Awkard*, 2018 WL 4999792, at *9. Plaintiff's Section 1982 claim against the County is also problematic, because such a claim may only be brought under Section 1983 and plaintiff fails to "identify a policy or custom of [the County] that caused his injury."

11

*Victors v. Kronmiller*, 553 F. Supp. 2d 553, 543-44 (D. Md. 2008); 42 U.S.C. § 1982; *see also* Am. Compl. at ¶¶ 119-25.  And so, the Court must also dismiss Count VII of the amended complaint as it relates to all defendants.  Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

In light of the foregoing, plaintiff may proceed with his claims against the Doe Defendants and his claims for prospective injunctive relief against Marcus Jones and the County. But, plaintiff has failed to allege plausible tort claims against the County or claims for violations of his right to familial privacy or rights protected under Section 1982.  In addition, plaintiff fails to allege a plausible trespass claim based upon the second trespass event at his resident described in Count II of the amended complaint, and he may not pursue claims for monetary damages against the named defendant in their official capacity or the County.  And so, the Court:

(1) **GRANTS-IN-PART** and **DENIES-IN-PART** defendants' partial motion to dismiss; and

(2) **DISMISSES** the following counts and claims in the amended complaint:
   a. Counts I, II, III, VI and VII in their entirety;
   b. Any 14th Amendment claim raised in Count IV;
   c. All official capacity claims with respect to the Defendant Officers; and
   d. Claims for monetary relief of any kind against the Defendant Officers named in their official capacities, Marcus Jones and the County.

Defendants shall **ANSWER**, or otherwise respond to, the remaining counts in the amended complaint, **on or before February 28, 2022**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge