**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| FAREED NASSOR HAYAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-cv-02994-LKG |
| v. | ) | |
| | ) | Dated:  November 30, 2022 |
| SGT. CASEY DIAZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANTS' MOTION TO BIFURCATE**

## I.      INTRODUCTION

This civil rights action involves claims that Defendants, Montgomery County Police Department Officers Casey Diaz, Brooke Dolan, Nathan Lenhart and Nicole Min (the "Defendant Officers"); 10 unnamed Doe Defendant Officers (the "Doe Defendants"); Marcus Jones, the Chief of the Montgomery County Police Department; and Montgomery County, Maryland (the "County"), violated Plaintiff's rights under the Constitution of the United States; 42 U.S.C. § 1983; Maryland state law; and the laws of Montgomery County, Maryland, during a police investigation of an alleged kidnapping.  *See generally* Am. Compl., ECF No. 19. Defendants have moved to bifurcate plaintiff's *Monell* claim against the County for discovery and trial purposes from the claims brought against the individual Defendants in this action, pursuant to Fed. R. Civ. P. 42(b).  Def. Mot., ECF No. 46; Def. Mem., ECF No. 46-1.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **GRANTS** Defendants' motion to bifurcate.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual Background

A detailed factual background for this case is set forth in the Court's January 27, 2022, Memorandum Opinion and Order dismissing Counts I, II, III, VI and VII of the amended

1

complaint.  ECF No. 35.  Relevant to the pending motion to bifurcate, the remaining claims in this civil rights action are: (1) a Section 1983 claim that the Defendant Officers, the County, and the Doe Defendants violated Plaintiff's Fourth Amendment rights (Count IV) and (2) a claim that the Defendant Officers, the County and the Doe Defendants violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights (Count V).  *Id*.; *see also* ECF No. 1.

### B.    Procedural Background

On June 6, 2022, Defendants filed a motion to bifurcate Plaintiff's *Monell* claim against the County in Count IV of the amended complaint for discovery and trial purposes.  ECF No. 46.  On June 27, 2022, Plaintiff filed a response and opposition to Defendants' motion.  ECF No. 47.  On July 11, 2022, Defendants filed a reply in support of their motion to bifurcate.  ECF No. 50.  Defendants' motion to bifurcate having been fully briefed; the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 42(b) And *Monell* Claims

Rule 42(b) of the Federal Rules of Civil Procedure provides that the Court may order a separate trial of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  "Notably, '[o]nly one of these criteria need to be met to justify bifurcation.'"  *Haughie v. Wexford Health Sources, Inc*., Civil Action No. ELH-18-3963, 2020 WL 1158568, at *12 (D. Md. Mar. 9, 2020) (quoting *Saxion v. Titan-C-Mfg., Inc*., 86 F.3d 553, 556 (6th Cir. 1996)).  And so, this Court has "broad discretion in deciding whether to bifurcate claims for trial."  *Beasley v. Kelly*, DKC-10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010).

Under *Monell*, a Section 1983 cause of action may lie against a local government or municipality when execution of the government's unconstitutional policy or custom causes a plaintiff injury.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *see also Walker v. Prince George's Co.*, 575 F.3d 426, 431 (4th Cir. 2009) (stating that the liability of the municipality only arises where the employees' unconstitutional actions are taken in furtherance of a municipal policy or custom).  This Court has frequently found that "bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."

*Stafford v. Smith*, No. CV RDB-17-1776, 2017 WL 4776990, at *4 n.1 (D. Md. Oct. 20, 2017). In fact, *Monell* claims are particularly well suited for bifurcation, because municipalities are directly liable for constitutional violations only once there is an initial finding that a government employee violated a plaintiff's constitutional rights under Section 1983. *Dawson v. Prince George's Cnty.*, 896 F.Supp. 537, 540 (D. Md. 1995)( If no government employees are found to be liable for a plaintiff's alleged constitutional violations, no *Monell* claim can proceed against the municipality); *see also Tserkis v. Baltimore Cnty.*, No. CV ELH-19-202, 2019 WL 4932596, at *6 (D. Md. Oct. 4, 2019) ("It is axiomatic that a *Monell* claim cannot lie where there is no underlying constitutional violation by the employee.") (internal quotations omitted). And so, when a supervisory liability *Monell* claim is bifurcated from the underlying Section 1983 claim, the Court is able to "isolate evidence regarding municipal policies and customs, such as prior incidents of police brutality and policymakers' reactions to such incidents." *Beasley*, 2010 WL 3221848, at *3.

## IV.   LEGAL ANALYSIS

Defendants seek to bifurcate Plaintiff's *Monell* claim against the County for discovery and trial purposes, upon the grounds that bifurcation would streamline, expedite and economize this litigation and avoid unfair prejudice to the Defendants. ECF No. 46. Plaintiff counters that bifurcation of his *Monell* claim is not warranted, because Defendants have neither shown prejudice to warrant such bifurcation, nor that there would be any efficiency in bifurcating discovery in this case. ECF No. 47. In addition, Plaintiff argues that he will incur added cost if discovery is prematurely bifurcated and that bifurcation of his claim could impede settlement negotiations. *Id.*

For the reasons that follow, the Court agrees with Defendants that bifurcating Plaintiff's *Monell* claim against the County from the remaining claims in this action will promote judicial economy, prevent premature, and potentially unnecessary, discovery in this case, and avoid any unfair prejudice to the Defendant Officers in this action. And so, the Court GRANTS Defendants' motion to bifurcate.

As an initial matter, Defendants' argue with persuasion that bifurcation of Plaintiff's *Monell* claim will promote judicial economy in this litigation. Plaintiff's claim against the County in Count IV of the amended complaint is predicated upon 42 U.S.C. § 1983, which

allows Plaintiff to file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  ECF No. 19; *see also* 42 U.S.C. § 1983.  It is axiomatic that Plaintiff's *Monell* claim cannot lie "where there is no underlying constitutional violation by the employee."  *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4ᵗʰ Cir. 2001*)*.  And so, Plaintiff's *Monell* claim "hinge[s] on his ability to show that [the Defendant Officers] violated his constitutional rights."  *Dawson*, 896 F. Supp. at 540.

Bifurcating this claim from the remaining claims in this action will facilitate a more streamlined discovery process and promote a more efficient trial, because the Court must determine whether the Defendant Officers violated Section 1983 before the Court can determine whether the County is liable to Plaintiff under a *Monell* theory.  Given this, the discovery process, and any trial in this matter, must initially explore and resolve whether the Defendant Officers violated Plaintiff's constitutional rights.

Plaintiff correctly observes that this case may be resolved at the summary judgment stage, without the need for a trial.  ECF No. 47.  But, even at the summary judgment stage, the Court will first need to resolve whether any of the Defendant Officers violated Plaintiff's rights under the Fourth Amendment, before the Court can address Plaintiff's *Monell* claim.  Given this, the resolution of these threshold issues would be more efficient if not burdened by the additional *Monell* issues regarding the policies and practices of the County.

Bifurcation will also help to clarify Plaintiff's *Monell* claim in this action.  In the amended complaint, Plaintiff alleges that the Defendant Officers engaged in various conduct that violated his constitutional rights, including, forced entry into his home; tackling and handcuffing Plaintiff; putting a knee to Plaintiff's spine; failing to check on the wellbeing of Plaintiff's children; and contacting Child Protective Services.  ECF No. 19.   And so, the nature and focus of Plaintiff's *Monell* claim will be shaped by the resolution of his Section 1983 claim against the Defendant Officers.

For these same reasons, bifurcation of Plaintiff's *Monell* claim will avoid premature, and possibly unnecessary, discovery in this litigation.  Plaintiff represents to the Court that he anticipates that the discovery for his *Monell* claim will require 8 months and 35 deposition hours

in addition to the discovery needed for the other remaining claims in this case.  ECF No. 44.
Defendants also persuasively argue that the substantial additional time and resources needed to
conduct this *Monell* discovery weighs in favor of bifurcation.[1]  The Court also observes that
bifurcation of Plaintiff's *Monell* claim would avoid prejudicing the Defendant Officers, because
these Defendants would not be forced to wait many months for the parties to complete
voluminous *Monell* discovery before the Court can resolve Plaintiff's Section 1983 claim against
them.

Because the Court is satisfied that the bifurcation of Plaintiff's *Monell* claim would
streamline the discovery for this case, promote judicial economy and avoid any prejudice to the
Defendant Officers, the Court GRANTS Defendants' motion to bifurcate.

## V.  CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' motion to bifurcate (ECF No.
46).  Plaintiffs' *Monell* claim against the County set forth in Count IV of the amended complaint
is bifurcated for discovery and for trial.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[1] Plaintiff argues without explanation that bifurcation of his *Monell* claim would harm his ability to
engage in settlement discussions with Defendants.  ECF No. 47.  Plaintiff neither identifies the
information that he seeks to engage in settlement negotiations, nor explains why he could not obtain this
information without conducting *Monell* discovery.